<u>AFFIDAVIT IN SUPPORT OF</u>
<u>A CRIMINAL COMPLAINT</u>

I, David J. Gibson, in accordance with Rules 3 and 4 of the Federal Rules of Criminal Procedure, being first duly sworn, herby depose and state:

<u>INTRODUCTION</u>

1. Your Affiant is currently employed as a Special Agent with the United States Department of Homeland Security (DHS), Homeland Security Investigations (HSI).  I have been so employed since April, 2009.  As part of my daily duties as an HSI Special Agent, I have participated in investigations targeting individuals and organizations involved in drug trafficking offenses in the Northern District of Ohio and elsewhere.

2. I am an "Investigative or Law Enforcement Officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7), and am empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516.  I am also empowered under Title 19, United States Code, Section 1589 to serve any warrant under the authority of the United States and make warrantless felony arrests for any crime against the United States.  I am a Customs Officer as defined by Title 19 of the United States Code, and am authorized to conduct warrantless searches at the United States Border or the Functional Equivalent of the United States Border.

3. I have received specialized training at the Federal Law Enforcement Training Facility, located in Glynco, Georgia, in regards to the identification of controlled substances and the operation of drug trafficking organizations. As part of my training, I have received specialized instruction concerning narcotics identification, narcotics trafficking, money laundering and various techniques for investigating persons and organizations engaged in this unlawful conduct.  I have drafted search warrants and have executed search warrants which have resulted in the seizure of illegal drugs, evidence of drug violations, and the proceeds thereof.  Further, I have received special training on the methods and tactics used by drug trafficking and money laundering organizations to conceal and integrate the proceeds generated by drug trafficking activity.

4.     The facts recited in this affidavit are presented for the limited purpose of establishing probable cause that violations of certain crimes against the United States as enumerated in the criminal complaint occurred, and that Terrel WILLIAMS knowingly committed or conspired with others to commit those offenses.  As such, this affidavit does not include every fact known to your affiant or other members of law enforcement regarding this investigation, but rather seeks to summarize the relevant information concerning the authority requested herein.

## CRIMINAL INVESTIGATION

5.     On January 24, 2019, Customs and Border Protection (CBP) Officers working at the DHL Express Consignment Center in Cincinnati, Ohio, inspected DHL parcel number 24 6076 1741, hereafter "PARCEL", arriving from Caracas, Venezuela, with a final destination located at 47634 West Hamilton Street, Oberlin, Ohio 44074 (RESIDENCE).  The PARCEL was addressed to "Terry WILKINS" at the RESIDENCE, with contents declared as documents, and a declared weight of 1.6 kilograms.

6.     The CBP Officers inspected the package and additional packages covered in tape.  The inspecting officers utilized CBP narcotics detection canine "Freddy" to conduct a sniff of the packages found within the PARCEL.  Freddy made a positive alert to the presence of the odor of narcotics.  The inspecting officers then cut the packages and discovered white powder contained therein.  The inspecting officers utilized a controlled substance field test kit which indicated that the powder was positive for the properties of cocaine, a Schedule II controlled substance.  The inspecting officers removed the packages from the shipping box and weighed them.  The gross weight of the packages totaled 2.10 kilograms.

7.     HSI/Cleveland Intelligence Analysts conducted queries through reliable open source and law enforcement databases for persons associated with the RESIDENCE.  The queries resulted in records wherein Terrell Williams (DOB:  11/29/1981, SSN:  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) was found to be a resident at the RESIDENCE.  Your affiant conducted additional queries related to Mr. Williams and learned that he was issued FBI number 667219PB3 as well as state criminal identification numbers 14985859 (Arizona), 196076 (New Mexico),

and D092705 (Ohio).  Your affiant continued researching Mr. Williams's criminal history records and discovered that Mr. Williams was convicted in three (3) drug-related cases in the State of Arizona between November 2001 and June 2011.  On January 24, 2019, the Lorain County Sheriff's Department contacted an HSI/Cleveland Special Agent and confirmed that Mr. Williams was residing at the RESIDENCE.

8. HSI/Cleveland Intelligence personnel further conducted queries on the RESIDENCE for parcel delivery history with characteristics that are consistent with that of the PARCEL.  The analyst's inquires resulted in a parcel history at the RESIDENCE for which seven (7) previous shipments had characteristics that were the same or consistent with that of the PARCEL as subsequently indicated:

    a. March 7, 2018

        i. Parcel #:  5115136386

        ii. County of Origin:  Venezuela

        iii. Delivery Address:  RESIDENCE

        iv. Consignee:  Terry WILKINS

        v. Declared Contents:  "Document"

        vi. Declared Weight:  0.5 kg

    b. April 5, 2018

        i. Parcel #:  4101242320

        ii. County of Origin:  Venezuela

        iii. Delivery Address:  RESIDENCE

        iv. Consignee:  Terry WILKINS

        v. Declared Contents:  "Documents"

      vi. Declared Weight: 1.0 kg

c. April 12, 2018

      i. Parcel #: 1580656663

      ii. County of Origin: Venezuela

      iii. Delivery Address: RESIDENCE

      iv. Consignee: Terry WILKINS

      v. Declared Contents: "Documents"

      vi. Declared Weight: 1.2 kg

d. May 25, 2018

      i. Parcel #: 8081261602

      ii. County of Origin: Venezuela

      iii. Delivery Address: RESIDENCE

      iv. Consignee: Mr Terry WILKINS

      v. Declared Contents: "Document"

      vi. Declared Weight: 0.5 kg

e. June 10, 2018

      i. Parcel #: 5620378116

      ii. County of Origin: Venezuela

      iii. Delivery Address: RESIDENCE

      iv. Consignee: Terry WILKINS

      v. Declared Contents: "Personal Documents"

    vi. Declared Weight:  1.2 kg

  f. July 05, 2018

    i. Parcel #:  1882460156

    ii. County of Origin:  Venezuela

    iii. Delivery Address:  RESIDENCE

    iv. Consignee:  Mr Terry WILKINS

    v. Declared Contents:  "Documentos Personales"

    vi. Declared Weight:  1.6 kg

  g. August 25, 2018

    i. Parcel #:  5011579646

    ii. County of Origin:  Venezuela

    iii. Delivery Address:  RESIDENCE

    iv. Consignee:  Mr Terry WILKINS

    v. Declared Contents:  "Legal Docs"

    vi. Declared Weight:  1.6 kg

9. On January 25, 2019 your affiant, HSI Special Agents, and other members of federal, state, county, and local law enforcement attempted a controlled delivery at the RESIDENCE.  At approximately 3:15 pm local time, law enforcement established surveillance at the RESIDENCE.  At approximately 3:30 local time, an HSI undercover Special Agent delivered a PACKAGE containing a substance designed to mimic the physical properties of cocaine to the residence and left the package on the front porch.  The PACKAGE was prepared in such a manner so as to represent the physical look and characteristics of the original package seized by CBP on January 24, 2019.  Surveillance of the package was maintained utilizing government aircraft and

electronic surveillance devices placed inside of the PACKAGE. At 5:20 pm a suspected juvenile exited the residence and placed a white bag in front of the PACKAGE concealing it from view. At approximately 5:25 pm four people left the RESIDENCE in a silver Chrysler sedan. At approximately 7:30 pm the Chrysler Sedan returned to the RESIDENCE, and communication with the electronic surveillance technology was lost. Surveillance of the RESIDENCE indicated that the white bag used to conceal the PACKAGE remained in its original position on the porch.

10. At approximately 7:35 pm the participating law enforcement officers approached the RESIDENCE with the intent on establishing a consensual interview with Terrell Williams and other residents of the PROPERTY. As law enforcement officers approached the PROPERTY, Terrell Williams ran out of the property towards the wooded portion of the back yard to the south of the PROPERTY. Terrell Williams was detained at this time and taken into custody by local law enforcement pursuant to an outstanding child support enforcement arrest warrant.

11. At approximately 8:00 pm Terrell Williams was transported to the Lorain County Sheriff's Department in Oberlin, Ohio. At the Sheriff's Department your affiant advised Terrell Williams of his constitutional rights in accordance with the requirements of *Miranda v. Arizona*. Terrell Willaims acknowledged his understanding of his constitutional rights, and he agreed to speak with myself and other law enforcement officers present. During the interview Terrell Williams admitted that (i) he allowed an unknown black male to use his address to receive parcels, (ii) he (Mr. Williams) knew that the parcels contained cocaine and knew it was wrong to do so, (iii) he was paid approximately $300.00 for each occurrence, and (iv) he had received at the RESIDENCE and caused to be forwarded between six (6) and seven (7) cocaine parcels in the past.

CONCLUSION

12. Based upon the foregoing facts as set forth in this affidavit, I believe there is probable cause that on January 25, 2019, in the Northern District of Ohio, Eastern Division, Terrell Williams acted, and conspired with others, to unlawfully import to the United States and traffic cocaine, a schedule II controlled substance, in violation of 21 USC §§ 841(a)(1), 846, & 952(a).

_____

David J. Gibson
Special Agent
Homeland Security Investigations

Sworn to via telephone after submission by reliable electronic means. Crim.Rules. 4.1; 41(d)(3)



Thomas M. Parker
United States Magistrate Judge
1:26 PM, Jan 28, 2019